[Cite as *Portfolio Recovery Assocs., L.L.C. v. Grimes*, 2026-Ohio-2479.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | : | APPEAL NO. C-250585<br>TRIAL NO. 25CV06137 |
| | : | |
| Plaintiff/Counterclaim-Defendant-Appellee, | : | |
| | : | |
| vs. | : | *JUDGMENT ENTRY* |
| | : | |
| VICTORIA GRIMES, | : | |
| | : | |
| Defendant/Counterclaim-Plaintiff-Appellant. | : | |
| | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgments of the trial court are affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 6/30/2026 per order of the court.**

**By:**_____
        **Administrative Judge**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


PORTFOLIO RECOVERY ASSOCIATES, :     APPEAL NO.    C-250585
LLC,                                          TRIAL NO.     25CV06137

                                      :

     Plaintiff/Counterclaim-Defendant-
     Appellee,                             :

                                        *O P I N I O N*

   vs.                                      :

VICTORIA GRIMES,                  :

     Defendant/Counterclaim-Plaintiff-   :
     Appellant.

                                        :


Civil Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: June 30, 2026


*Sarah A. Veith*, for Plaintiff/Counterclaim-Defendant-Appellee,

*A Barnes Law, LLC*, and *Andrew Barnes*, for Defendant/Counterclaim-Plaintiff-Appellant.

**ZAYAS, Judge.**

{¶1} This case concerns whether the municipal court had subject-matter jurisdiction to enter judgments dismissing defendant/counterclaim-plaintiff-appellant Victoria Grimes's counterclaims under Civ.R. 12(B)(6) and awarding summary judgment in favor of plaintiff/counterclaim-defendant-appellee Portfolio Recover Associates, LLC, ("PRA") on its claim for money, rather than automatically transferring the cause to the court of common pleas upon the filing of Grimes's counterclaims, which claimed relief in excess of the jurisdictional limit of the court. In two assignments of error, Grimes argues that the municipal court erred by entering the judgments rather than certifying the matter to the court of common pleas under R.C. 1901.17 and Civ.R. 13(J). For the reasons that follow, we overrule the assignments of error and affirm the judgments of the municipal court.

## I. Background

{¶2} PRA filed a complaint for money against Grimes in the Hamilton County Municipal Court. The complaint alleged that Grimes owed $2,115.26 on a credit account now owned by PRA.

{¶3} After attempting but failing to get the complaint dismissed, Grimes answered the complaint and filed counterclaims for violations of the Fair Debt Collection Practices Act, violations of the Ohio Consumer Sales Practices Act, and negligence per se based on the duty owed under these acts, claiming damages in excess of $25,000.

{¶4} PRA moved to dismiss the counterclaims under Civ.R. 12(B)(6) for failure to state a claim. PRA argued that the counterclaims lacked any "factual basis" and asserted that defense counsel used the same "boilerplate counterclaim" in numerous cases with the same language and same claims "irrespective of the plaintiff,

3

defendant, or original creditor." Grimes responded in opposition to dismissal, in essence arguing that the counterclaims were sufficient under Ohio's notice-pleading standard. PRA filed a reply in support of dismissal, arguing that the counterclaims failed even under the notice-pleading standard.

{¶5} PRA also moved for summary judgment on its claim for money. Grimes did not respond to this motion.

{¶6} The trial court granted both motions and entered separate judgments dismissing Grimes's counterclaims, with prejudice, and awarding PRA $2,115.26 plus costs. Grimes now appeals from these judgments.

## II. Analysis

{¶7} In the first assignment of error, Grimes argues that the municipal court erred by entering judgment when the amount in controversy exceeded the jurisdiction of the court under R.C. 1901.17 and Civ.R. 13(J). In the second assignment of error, Grimes argues that the municipal court erred by failing to certify the matter to the court of common pleas under R.C. 1901.17 and Civ.R. 13(J) "the moment" that the counterclaims were filed. Because both assignments of error in essence challenge whether the municipal court was required upon the filing of the counterclaims to transfer the cause to the court of common pleas—rather than entering judgment— under R.C. 1901.17 and Civ.R. 13(J), they will be addressed together.

{¶8} "Whether a trial court had subject-matter jurisdiction is a question of law that [this court] review[s] de novo." *Smith v. Ohio State Univ.*, 2024-Ohio-764, ¶ 11; *accord, e.g., Harmon v. City of Cincinnati*, 2023-Ohio-788, ¶ 15 (1st Dist.).

{¶9} A municipal court has original jurisdiction "only in those cases in which the amount claimed by any party . . . does not exceed fifteen thousand dollars . . .." R.C. 1901.17.

{¶10}  Thus, "[i]n any action in a municipal court in which the amount claimed by any defendant in any statement of counterclaim exceeds the jurisdictional amount, the judge shall certify the proceedings in the case to the court of common pleas . . .." R.C. 1901.22(E); *accord* Civ.R. 13(J) ("In the event that a counterclaim . . . exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of common pleas.").

{¶11}  "'The simple language of R.C. 1901.22(E) . . . suggests that a municipal court has no choice but to certify or transfer a case where a counterclaim exceeds the applicable jurisdictional ceiling.'" *Thompson v. Hansford*, 2019-Ohio-2612, ¶ 10 (9th Dist.), quoting *State ex rel. Pennington v. Fiehrer*, 1993 Ohio App. LEXIS 5688, *2 (12th Dist. Nov. 29, 1993).  Further, "'[a] logical interpretation' of Rule 13(J) 'requires the entire case to be certified to the common pleas court.'" *Id.*, citing *State ex rel. Penn v. Swain*, 21 Ohio App.3d 119 (11th Dist. 1984).

{¶12}  Nevertheless, several courts—including those cited by PRA—have said that a municipal court may assess whether a counterclaim states an authentic claim for monetary relief in excess of its jurisdiction prior to transfer.  *See State ex rel. El Turk v. Comstock*, 2018-Ohio-2125, ¶ 6 (8th Dist.), citing *Lewallen v. Mentor Lagoons, Inc.*, 85 Ohio App.3d 91 (8th Dist. 1993) ("[T]he municipal court is authorized to examine the new claims to determine whether they state authentic claims that exceed the monetary jurisdiction; it is not required to certify cases to the common pleas court based solely upon the amount stated in the demand."); *Rickard v. Solley*, 2010-Ohio-2786, ¶ 27 (7th Dist.), citing *Crisalli v. Mearini*, 2004-Ohio-6018, ¶ 2 (8th Dist.) ("Certification to the court of common pleas is not automatic when a counterclaim is filed that prays for damages in excess of the municipal court's jurisdiction. . .. 'Rather, the municipal court should first determine if the counterclaim

satisfies the formalities of the civil rules and states a claim showing that the party is entitled to relief.'"); *Liberty Credit Servs. v. Stoyer*, 2005-Ohio-5927, ¶ 7 (10th Dist.), citing *Crisalli* at ¶ 2 ("It is well-settled that Civ.R. 13(J) does not require the municipal court to certify a case to the common pleas court automatically upon the filing of a counterclaim that exceeds the municipal court's jurisdiction. . .. Rather, the municipal court must first determine if the counterclaim satisfies the formalities of the civil rules and states a claim showing that the party is entitled to relief."); *Acosta v. Rubalcava*, 2023-Ohio-1794, ¶ 9 (11th Dist.), citing *El Turk* at ¶ 6, and *Knop v. Davet*, 2017-Ohio-1416, ¶ 13 (11th Dist.) ("This court, as well as the Eighth District has observed, however, that a municipal court does not have to certify cases to the common pleas court based only upon the amount stated in the request for relief but instead is 'authorized to examine the new claims to determine whether they state authentic claims that exceed its monetary jurisdiction[.]'"); s*ee Williams v. Glen Manor Home for Jewish Aged, Inc.*, 27 Ohio App.3d 246, 250 (1st Dist. 1986), *questioned on other grounds in State ex rel. Natl. Emp. Benefit Servs. v. Court of Common Pleas*, 49 Ohio St.3d 49, 50 (1990).

{¶13} Grimes does not challenge the municipal court's determination that her counterclaims failed to state a claim, and this finding necessarily includes a finding that she failed to set forth a claim showing that she is entitled to relief in excess of the municipal court's jurisdiction. Yet, she points to *Mustafa v. Al-Bayer*, 2020-Ohio-1315 (12th Dist.), and *Harness v. D. Jamison & Assocs.*, 1997 Ohio App. LEXIS 2719, (1st Dist. June 25, 1997), to suggest that the municipal court was required to automatically transfer the entire cause once her counterclaim was filed. However, in *Mustafa*, the court specifically stated that the counterclaims sought $87,000 and "stated sufficient facts to ascertain the monetary relief requested." *Mustafa* at ¶ 22.

Thus, there was no issue in *Mustafa* as to whether the counterclaims authentically stated a claim for relief in excess of the court's jurisdiction. Beyond that, *Harness* does not address the issue presently before this court. Rather, *Harness* concerns whether a trial court properly certified that there was no just cause for delay under Civ.R. 54(B). *See Harness* at *3-4. Thus, neither case cited by Grimes supports her position here.

{¶14} Accordingly, Grimes has failed to show that the municipal court was automatically deprived of jurisdiction upon the filing of her counterclaims. Further, since she does not challenge the municipal court's findings that her counterclaims failed to state a claim and does not challenge the merits of the municipal court's summary-judgment determination, she has failed to show that the municipal court erred in entering judgment in this case.

### III. Conclusion

{¶15} For the foregoing reasons, we overrule the assignments of error and affirm the judgments of the trial court.

Judgments affirmed.

**KINSLEY, P.J.,** and **MOORE, J.,** concur.